FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN 25 P 4: 54

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| EDDY LOPEZ, A/K/A "SWIFT" | ) |
| Defendant. | ) |

Cr. No. 04-10033 PBS
U.S. DISTRICT COURT
DISTRICT OF MASS.

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government reserves its right to supplement or modify these requested instructions in light of the requests filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

PETER K. LEVITT
Assistant U.S. Attorney

June 25, 2004

**TABLE OF CONTENTS**

Duties of the Jury . . . . . . . . . . . . . . . . . . . . . . . 1

Nature of Indictment -- Presumption of Innocence . . . . . . . 2

Preliminary Statement of Elements of Crime . . . . . . . . . . 3

Evidence; Objections; Rulings; Bench Conferences . . . . . . . 4

Credibility of Witnesses . . . . . . . . . . . . . . . . . . . 7

Conduct of the Jury . . . . . . . . . . . . . . . . . . . . . . 8

Outline of the Trial. . . . . . . . . . . . . . . . . . . . . 11

Stipulations . . . . . . . . . . . . . . . . . . . . . . . . 12

Variance -- Dates . . . . . . . . . . . . . . . . . . . . . . 13

Direct and Circumstantial Evidence . . . . . . . . . . . . . 14

Reasonable Consideration . . . . . . . . . . . . . . . . . . 16

Use of Tapes and Transcripts . . . . . . . . . . . . . . . . 17

Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . 18

Intent . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Motive . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Possession of a Firearm Furtherance of a

    Drug Trafficking Crime . . . . . . . . . . . . . . . . . . 22

Definition of Firearms . . . . . . . . . . . . . . . . . . . 23

Expert Witness . . . . . . . . . . . . . . . . . . . . . . . 24

Submitting the Indictment . . . . . . . . . . . . . . . . . . 26

Punishment . . . . . . . . . . . . . . . . . . . . . . . . . 27

Foreperson's Role; Unanimity . . . . . . . . . . . . . . . . 28

Consideration of Evidence . . . . . . . . . . . . . . . . . . 29

Reaching Agreement . . . . . . . . . . . . . . . . . . . . . . . 30

Return of Verdict Form . . . . . . . . . . . . . . . . . . . 32

Communication with the Court . . . . . . . . . . . . . . . . 33

## Proposed Instruction

### Duties of the Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations. It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

1

## Proposed Instruction

### Nature of Indictment -- Presumption of Innocence

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by Assistant United States Attorney and Peter Levitt. The defendant, Eddy Lopez, is represented by Ray Gillespie.

The defendant has been charged by the government with possessing a firearm in furtherance of a drug trafficking crime.

The charges against the defendant are contained in the Indictment. The Indictment is simply a description of the charges against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charges against him and denies committing the crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.


Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## Proposed Instruction

### Preliminary Statement of Elements of Crime

The defendant has been charged by the government with violations of federal law.  Specifically, with possessing a firearm in furtherance of a drug trafficking crime.

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

3

## Proposed Instruction

### Evidence; Objections; Rulings; Bench Conferences

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do.what we can to keep the number and length of these conferences to a minimum.

4

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is

testimony by a witness about what that witness personally saw or
heard or did.  Circumstantial evidence is indirect evidence, that
is, it is proof of one or more facts from which one can find or
infer another fact.  You may consider both direct and
circumstantial evidence.  The law permits you to give equal
weight to both, but it is for you to decide how much weight to
give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

6

### Proposed Instruction

### Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

7

## Proposed Instruction

### Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might

8

be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

9

**Proposed Instruction**

**Outline of the Trial**

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant.  The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits.  In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so.  I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt.  The defendant does not have to prove his innocence.

10

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

11

## Proposed Instruction

### Stipulations

Throughout the trial the parties have stipulated one or more facts.  This means that both parties agree on the existence of those facts.  You should therefore treat those facts as having been proven.

12

## Proposed Instruction

### Variance -- Dates

You will note that indictment charges that the defendant possessed the firearm "on or about" January 20, 2004.  It does not matter if the indictment charges that specific acts occurred in or around a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

L. B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, 53-12 (1990).

<u>United States v. Brody</u>, 486 F.2d 291 (8th Cir. 1973), <u>cert</u>. <u>denied</u>, 417 U.S. 949 (1974).

13

## Proposed Instruction

## Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you

14

to conclude that it had been raining.  Inferences are deductions
on conclusions which reason and common sense lead you to draw
from the facts as established by the evidence.

That is all there is to circumstantial evidence.  You infer
on the basis of reason and experience and common sense from an
established fact the existence or the nonexistence of some other
fact.

Circumstantial evidence is of no less value than direct
evidence; for, it is a general rule that the law makes no
distinction between direct and circumstantial evidence, but
simply requires that before convicting a defendant, the jury must
be satisfied of the defendant's guilt beyond a reasonable doubt
from all of the evidence in the case.  In reaching your verdict
it is permissible to draw and rely upon inferences from the
evidence.

L. B. Sand, <u>Modern Federal Jury Instruction: Criminal</u>, ¶5-2
(1990).

15

**Proposed Instruction**

**Reasonable Consideration**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§15.01 (3d ed. 1977).

**Proposed Instruction**

**Use of Tapes and Transcripts**

At this time you are going hear conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I am going to allow you to have a transcript to read along as the tape is played.  The transcript is merely to help you understand what is said on the tape.  If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, § 2.08, 1998.
This instruction is based upon a trial court instruction approved in <u>United States v. Mazza</u>, 792 F.2d 1210, 1227 (1st Cir. 1986), cert. denied, 479 U.S. 1086 (1987).

17

**Proposed Instruction**

**Burden of Proof**

In this, as in every criminal case, the government has the burden of proving the defendant guilty of every essential element of the offenses charged beyond a reasonable doubt. The government is not required, however, to prove the defendant guilty beyond all possible doubt. Nor must the government exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt.

The burden of proof never shifts during trial. The law does not require a defendant to prove his innocence or to produce any evidence.

United States v. Gibson, 726 F.2d 869, 874 (1st Cir. 1984); United States v. Thornley, 707 F.2d 622, 625 (1st Cir. 1983).

18

## Proposed Instruction

### Intent

To act with intent refers to a mental condition or state of mind. Such mental states cannot ordinarily be proved directly for the obvious reason that there is no practical way of being able to look inside a person's mind and find out what is there. Rather, a person's intent may be judged by a person's actions, by what that person says or does, and by the surrounding circumstances. In this connection you may consider any actions undertaken by a defendant and any statements made by her and all other facts and circumstances in evidence which bear on the defendant's state of mind.

Devitt and Blackmar, Federal Jury Practice and Instructions, §§14.13 (3d ed. 1977).

19

## Proposed Instruction

### Motive

Intent and motive should never be confused.  Motive is what prompts a person to act or fail to act.  Intent refers to the state of mind with which the act is done or failed to be done. The motive of the accused is immaterial and need not be proved by the government.  Rather, evidence regarding motive is relevant only insofar as it sheds light on the intent of the accused.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.11 (3d ed. 1977).

20