UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>V. )<br>)<br>) CRIMINAL No. 04-10033-PBS<br>EDDY LOPEZ, )<br>)<br>Defendant )  | |

## DEFENDANT'S JURY INSTRUCTIONS

The defendant, Eddy Lopez, respectfully requests the Court include the following in its instructions to the jury at the close of the evidence herein:

### Reasonable Doubt

1. "As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two

conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense."

United States v. Cleveland, 106 F. 3d 1056, 1062-63 (1st Cir. 1997). (Judge Keeton's instruction approved by the Court of Appeals).

### Possession Of A Firearm In Furtherance Of The Commission Of A Drug Trafficking Crime, 18 U.S.C. §924(c)

2. "Defendant is accused of possession of a firearm in furtherance of a drug trafficking crime, in this case, the conspiracy charged in Count One of the Indictment. For you to find defendant guilty of this crime, you must be satisfied that the government has proven each of the following

2

things:

First, defendant committed the crime of conspiracy to possess cocaine and/or heroin with the intent to distribute it as described in Count One some time during the period between December, 2003 and January 20, 2004; and

Second, that on or about January 20, 2004 the defendant possessed a firearm in furtherance of the commission of the drug conspiracy alleged in Count One.

"The government must clearly show that a firearm was possessed to advance or promote the commission of the underlying offense. The mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing [guilt on this charge]. Rather, the government must illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity."

> United States v. Chase, 221 F.Supp. 2d 209, 218 (D. Mass. 2002) (Gertner, D.J., quoting the legislative history in the congressional record at H.R.Rep. No. 105-344 (1997), 1997 WL 668339, at 11-12 (footnotes omitted).

Factors you may consider to determine whether the possession of the firearm was in furtherance of the drug conspiracy charged in Count One include, but are not necessarily limited to, "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which

the gun is found."

United States v. Ceballos-Torres, 218 F.3d 409, 414-415 (5th Cir. 2000).

Respectfully submitted,
EDDY LOPEZ,
By his attorney,

Raymond E. Gillespie BBO# 192300
875 Massachusetts Avenue, Suite 32
Cambridge MA  02139
(617) 661-3222

Dated: July 30, 2004

juryinst

I certify that I served this document by mailing / hand delivery of a copy of same to all counsel of record (or pro se parties) on: 7/30/04