UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 04-10033 PBS |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| EDDY LOPEZ, | ) | 21 U.S.C. § 846 |
| AKA "SWIFT" | ) | Conspiracy to Distribute |
| | ) | Heroin and Cocaine |
| | ) | |
| | ) | 18 U.S.C. § 922(g)(1) |
| | ) | Felon in Possession |
| | ) | of a Firearm |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Distribution of Heroin |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Distribution of Cocaine |
| | ) | |
| | ) | 18 U.S.C. § 922(c) |
| | ) | Possession of a Firearm |
| | ) | in Furtherance of a Drug |
| | ) | Trafficking Offense |
| | ) | |
| | ) | 21 U.S.C. § 853 |
| | ) | Criminal Forfeiture |
| | ) | Allegation |

### SECOND SUPERSEDING INDICTMENT

COUNT ONE:    (21 U.S.C. § 846--Conspiracy to Distribute Heroin and Cocaine)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about December 2003 and continuing thereafter until in or about January 2004, at Lawrence and elsewhere in the District of Massachusetts,

**EDDY LOPEZ, AKA "SWIFT",**

defendant herein, did knowingly and intentionally combine,

conspire, confederate, and agree with persons unknown to the Grand Jury, to possess with intent to distribute and to distribute heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO**:    (18 U.S.C. § 922(g)(1)--Felon in Possession of a Firearm)

The Grand Jury further charges that:

On or about December 15, 2003, at Lawrence, in the District of Massachusetts,

**EDDY LOPEZ, AKA "SWIFT"**,

defendant herein, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm, to wit: a Smith & Wesson, Model 39-2, 9 millimeter caliber semi automatic pistol, bearing serial number A412638.

All in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT THREE**:    (21 U.S.C. § 841(a)(1)--Distribution of Heroin)

The Grand Jury further charges that:

On or about December 15, 2003, at Lawrence, in the District of Massachusetts,

**EDDY LOPEZ, AKA "SWIFT"**,

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT FOUR:**     **(21 U.S.C. § 841(a)(1)--Distribution of Cocaine)**

The Grand Jury further charges that:

On or about December 17, 2003, at Lawrence, in the District of Massachusetts,

**EDDY LOPEZ, AKA "SWIFT",**

defendant herein, did knowingly and intentionally possess with intent to distribute and distribute cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FIVE:     (18 U.S.C. § 924(c)(1)--Possessing a Firearm in
                Furtherance of a Drug Trafficking Crime)

The Grand Jury further charges that:

   On or about January 20, 2004, at Lawrence in the District of Massachusetts,

**EDDY LOPEZ, AKA "SWIFT",**

defendant herein, knowingly and intentionally possessed a firearm, to wit: a Heckler Koch USP compact .45 caliber automatic pistol, bearing serial #29-013016, in furtherance of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute and to distribute heroin and cocaine, respectively, Schedule I and Schedule II controlled substances, in violation of 21 U.S.C. § 846, as charged in Count One of this Indictment.

   All in violation of Title 18, United States Code, Section 924(c)(1).

## **NOTICE OF ADDITIONAL FACTORS**

The Grand Jury further finds that:

1. The offense charged in Count One of this Second Superseding Indictment involved at least 100 grams but less than 400 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and at least 500 grams but less than 2,000 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. § 2D1.1(c)(7) apply to this count.

2. The offense charged in Count Three of this Second Superseding Indictment involved 10-20 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(c)(12) apply to this count.

3. The offense charged in Count Four of this Second Superseding Indictment involved less than 25 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(c)(14) apply to this count.

4. At the time he committed the offenses charged in this Second Superseding Indictment, the defendant was at least eighteen years old and had two or more prior felony convictions of either a crime of violence or a controlled substance offense.

Accordingly, U.S.S.G. §§ 4B1.1 & 4B1.2 apply to the defendant.

## FORFEITURE ALLEGATION

### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts 1, 3, and 4 of this Indictment,

**EDDY LOPEZ, AKA "SWIFT"**,

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property

9

described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

**A TRUE BILL,**

_____
FOREPERSON OF THE GRAND JURY

_____
PETER K. LEVITT
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS                    August 5, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

11