UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　 )<br>　　　　v.　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　 )<br>EDDY LOPEZ,　　　　　　　　　　 )<br>　　Defendant.　　　　　　　　　 ) | Cr. No. 04-10033 PBS |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE RE:
STREET GANG REFERENCES AND HOME INVASION STATEMENT

The United States, by and through its undersigned attorneys, hereby opposes the defendant's motions in limine (i) regarding any reference, other than the defendant's own admissions, to Eddy Lopez's membership in a street gang (the Dome Dwellers) and (ii) regarding the defendant's statement to the government cooperating witness on December 17, 2003 that he and some unknown individuals had done a home invasion and gotten 240 grams of heroin.

A.   Street Gang References

The defendant seeks to preclude the government from eliciting any testimony concerning the defendant's leadership of, or membership in, the Dome Dwellers, a street gang operating in Lawrence, MA.

The cooperating witness (the "CW") who made the gun and heroin buys from the defendant was a rival gang member of the defendant. As disclosed to the defendant in the government's 21 day letter, the CW and the defendant had a long history of gang-related rivalry, including an episode of gun violence. In its direct examination of the CW, the government anticipates that it

will elicit testimony from the CW about the fact that the CW has been a member of two different street gangs in Lawrence, that the CW had a long history of engaging in gang related crime, and that the CW had a long history of gang-related rivalry with the defendant, who was a member of two different street gangs that were rivals of those to which the CW belonged.

This information was disclosed to the defendant in the government's 21 day letter.  The government disclosed that the CW was a member of the Latin Gangsta Disciples ("LGD"), which was a rival gang of the Dome Dwellers, and that Eddy Lopez was the leader of the Dome Dwellers.  It was also disclosed that the CW was a member of a predecessor gang to the LGD, License to Steal, which was a rival of another gang that the defendant was a member of -- the Essex Street Posse, the predecessor to the Dome Dwellers.  In this respect, the government also disclosed that the CW recalled an incident in the late 1990s when he and the defendant exchanged gunfire that was gang related.  Finally, the government disclosed numerous instances of gang-related criminal activity by the CW.

The reason that the CW knew the defendant was because they were in rival Lawrence gangs.  The relationship between the CW and the defendant was based on their respective memberships in rival gangs.  In order for the government to properly disclose to the jury the CW's background (including criminal and gang

activity on his part), and the nature of his relationship with the defendant (including potential biases), the CW has to be able to testify about his history in gangs and his relationship with the defendant, which necessarily includes the defendant's membership in gangs.  Simply put, the story of these two individuals -- the CW and the defendant -- simply cannot be told to the jury without any reference to the fact that they were both gang members in Lawrence.[1]

In addition, it is anticipated that several of the government's law enforcement witnesses (Special Agents with the Federal Bureau of Investigation and state and local law enforcement officials) will testify that, during the time of the investigation, they were assigned to a joint Federal-State Task Force involved in gang investigations in the Lawrence, Massachusetts area.

The defendant's one sentence motion does not seek to prohibit the officers from testifying about their backgrounds and experience and there is no reason to preclude the officers from testifying about their assignment and their experience.  Such testimony is helpful to the jury in that it explains who the officers are, what they do, and how they do it.  It thus places

---

[1] If deemed appropriate by the Court, a limiting instruction concerning testimony about the defendant's gang involvement would mitigate any unfair prejudice.  Sample limiting instructions are attached hereto.

in context their actions in the case.  The government does not intend to elicit from any law enforcement witness that the defendant was a member of a gang or involved in gang-related activity.

    B.    The Home Invasion Statement

The government anticipates that the CW will testify that, on December 17, 2003, the defendant called him and told him that he had twenty grams of heroin to sell the CW for $1,200.  It is also anticipated that the CW will testify that the defendant also said during that conversation that "they" had done a home invasion and had gotten 240 grams of heroin, and that he also had cocaine to sell the CW.

The defendant argues that the home invasion is only "tenuously related to the drug conspiracy charge" and should be excluded because it is "unnecessarily and unfairly prejudicial against the defendant."  To the contrary, the statement is directly relevant to the conspiracy charge and to the statement in the indictment that the conspiracy involved at least 100 grams of heroin.  The statement is evidence of an admission by the defendant that (i) he was involved in a conspiracy to distribute heroin and (ii) that the conspiracy involved at least 100 grams of heroin.  In short, the statement, while prejudicial to the defendant, is not *unfairly* prejudicial because it goes to the heart of the issues in the case. See United States v. Smith, 292

F.3d 90, 99 (1st Cir.2002) (noting that Rule 403 protects only against unfair prejudice rather than all prejudice); <u>United States v. Rodriquez-Estrada</u>, 877 F.2d 153, 156 (1st Cir.1989) ("[A]ll evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided."); <u>United States v. Currier</u>, 836 F.2d 11, 18 (1st Cir.1987) (noting that "unfair prejudice" is prejudice that causes "a jury to base its decision on something other than the established proposition in the case" (quoting 1 Weinstein's Evidence § 403[03], 36-39 (1986)).

## **CONCLUSION**

Based on the foregoing, the government respectfully requests that the defendant's motions in limine be denied.

                      Respectfully submitted,

                      MICHAEL J. SULLIVAN
                      United States Attorney

        By:  <u>S/ PETER K. LEVITT</u>
             PETER K. LEVITT
             Assistant U.S. Attorney

Dated: August 11, 2004

<u>CERTIFICATE OF SERVICE</u>

    I, Peter K. Levitt, do hereby certify that I have this day served the copy of the foregoing by MAIL and FAX to Ray Gillespie, counsel for the defendant.


                                        <u>S/ PETER K. LEVITT  </u>
                                        PETER K. LEVITT

**LIMITING RULE 404(b) JURY INSTRUCTIONS**
United States v. Garcia, 983 F.2D 1160, 1171-1172 (1ST Cir. 1993):

> . . . Mr. Foreman and members of the jury, sometimes evidence is admissible for one purpose, but it's not admissible for another purpose. So, the Court has to allow the evidence in because it's relevant on some point in the case. But I have to advise you, as jurors, that you can't consider it on some other point in the case.
>
> The rule of evidence that's involved is rule 404(b) which relates to other crimes or wrongs, prior bad acts as it's often referred to. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. That's the rule. What it means is that, in a criminal trial for an offense you can't bring in evidence of other offenses, just to show that the defendant is a bad person and is likely to have committed this offense. That's not admissible for that purpose. However, it is admissible to show knowledge or intent or plan.
>
> I have ruled that this evidence is admissible in this case against [the defendant] because two of the issues in the case relate to his knowledge and his intent. First of all, he has to have knowing possession of the cocaine in this case, and also, he is charged with not only knowing possession but possession with intent to distribute. And so, this evidence relates to his knowledge about cocaine and whether he knowingly possessed it in that apartment on Gallatin Street, and also, if he possessed it, whether he possessed it with intent to distribute.
>
> So, you may consider this evidence of prior acts by the defendant, [    ], only on the question of his knowledge and intent in this case; and the United States has the burden of proving those elements beyond a reasonable doubt.

**LIMITING RULE 404(b) JURY INSTRUCTIONS**

<u>United States v. Nickens</u>, 955 F.2d 112, 125-126, n. 8 (1st Cir.):

> I instruct you that evidence of those [defendant's prior drug sales] is not presented to you and you should not consider it to prove that because defendant was guilty of those charges you are now considering.
>
> The transactions in California will be presented to you only to show possible knowledge and intent to commit the present offense, and that is all. They are not presented to you to show bad character or a pattern of conduct or propensity to commit this type of crime.