```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )    Cr. No. 04-10033 PBS
        v.                   )
                             )
EDDY LOPEZ,                  )
   Defendant                 )
```

GOVERNMENT'S MOTION FOR A CURATIVE INSTRUCTION

On three separate occasions during his opening statement counsel for the defendant badly misstated the law applicable to this case. The misstatements by defense counsel go to the heart of the government's case on drug weight.

On two occasions during his opening, defense counsel stated that the burden is on the government to prove beyond a reasonable doubt that the defendant "possessed with intent to distribute" over 500 grams of cocaine or over 100 grams of heroin. On a third occasion, defense counsel said the same thing with respect to a particular piece of evidence. As noted in the government's opening, on December 15, 2003 the defendant showed the cooperating witness three ounces of cocaine (to which the defendant has stipulated) and then the defendant said (on tape) its "straight from the kilo". In his opening, defense counsel said words to the effect of "the government wants you to believe its his kilo, but there is no evidence in this case that the defendant possessed with intent to distribute that kilo."

These three statements are blatantly wrong characterizations of the law. The defendant has pled guilty to a <u>conspiracy</u> to distribute heroin and cocaine, not possession with intent to distribute. Consequently, the government need not prove that the defendant possessed with intent to distribute the kilo or any other amounts of cocaine or heroin. The government must only prove that <u>the conspiracy</u> involved at least 500 grams of cocaine or 100 grams of heroin and that these amounts were reasonably foreseeable to the defendant.

The First Circuit has recently summarized the law on this issue:

> In a drug conspiracy case, "a key datum in constructing the defendant's sentence is the quantity of narcotics attributable to him for sentencing purposes, a datum initially bounded by the sum of the charged conduct to which the defendant pleads plus his relevant uncharged conduct." Drug quantity is to be derived from all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." The essential inquiry is not what the defendant knew but what acts were reasonably foreseeable by him. Thus, each coconspirator is responsible not only for the drugs he actually handled but also for the full amount of drugs that he could reasonably have anticipated would be within the ambit of the conspiracy.

<u>United States v. Santos</u>, 357 F.3d 136, 140 (1st Cir.2004) (citations omitted). <u>See also</u> <u>United States v. Manjarrez</u>, 306 F.3d 1175, 1181 (1st Cir. 2002) ("A conspiracy charge is a single offense, and a `narcotics conspirator is responsible not only for the full quantity of drugs that he actually handled or saw but

2

also for the full quantity of drugs that he reasonably could have foreseen to be embraced by the conspiracy he joined.'") (quoting United States v. Rodriguez, 162 F.3d 135, 149 (1st Cir.1998)).

Defense counsel's misstatements of the law are crucial in this case because the government's theory is largely dependent on the defendant's own statement regarding a kilogram of cocaine. The defendant said on tape that the three ounces of cocaine he showed the CW came from a kilo (i.e., 1,000 grams). The government does not know if the defendant had possession of the kilo himself and took the three ounces from it or whether the defendant's cocaine supplier had the kilo. Under conspiracy law it does not matter. In either event, the defendant is responsible for the full kilo because, at the least, by his own tape-recorded statements, the defendant had knowledge that his co-conspirator (i.e., whoever supplied him the three ounces of cocaine) had a kilogram of cocaine.

Defense counsel has left the jurors which the wrong impression that the government must prove that the defendant physically had possession of the kilogram of cocaine. Thus, the jurors will be waiting to hear some evidence that the defendant possessed the kilogram.

In light of defense counsel's repeated misstatements of the law applicable to this case, the government requests that the Court provide a simple curative instruction advising the jury

that, because the defendant has pled guilty to the conspiracy charge, he is responsible "not only for the drugs he actually handled but also for the full amount of drugs that he could reasonably have anticipated would be within the ambit of the conspiracy." <u>United States v. Santos</u>, 357 F.3d 136, 140 (1st Cir.2004).

           Respectfully submitted,

           MICHAEL J. SULLIVAN
           United States Attorney

      By: /S/ PETER K. LEVITT
         PETER K. LEVITT
         Assistant U.S. Attorney

September 27, 2004

<u>CERTIFICATE OF SERVICE</u>

 I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served by facsimile on Ray Gillespie, counsel for the defendant, on September 27, 2004.

            <u>/S/ PETER K. LEVITT</u>
            PETER K. LEVITT
            ASSISTANT UNITED STATES ATTORNEY