```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )     Cr. No. 04-10033 PBS
         v.                  )
                             )
EDDY LOPEZ,                  )
    Defendant                )
```

GOVERNMENT'S SUPPLEMENTAL REQUEST FOR JURY INSTRUCTION

The United States of America submits the attached jury supplemental jury instruction pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government reserves its right to supplement or modify these requested instructions in light of the requests filed by the defendant and the evidence in the case.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                         By:  /S/ PETER K. LEVITT
                              PETER K. LEVITT
                              Assistant U.S. Attorney
```

September 28, 2004

**PROPOSED INSTRUCTION**

**DRUG WEIGHT FOR THE CONSPIRACY AS A WHOLE**

The defendant has already pled guilty to Count One of the Indictment -- conspiracy to distribute cocaine and heroin.  You will have to make drug quantity findings with respect to each drug (i.e., cocaine and heroin).  The first drug-quantity issue you must consider is whether the total amount of cocaine that was involved in the conspiracy in this case exceeded 500 grams.  The second drug quantity issue you must consider is whether the total amount of heroin that was involved in the conspiracy in this case exceeded 100 grams.

Your conclusion regarding the amount of cocaine and heroin attributable to the conspiracy in this case must be based on the evidence as a whole.  Although you may make these initial drug quantity determinations based on either direct or circumstantial evidence, you must be convinced that the government has proven that the conspiracy involved at least 500 grams of cocaine and/or 100 grams of heroin beyond a reasonable doubt.

Please indicate your conclusion on this first drug quantity issue on the space included in the jury verdict form that I have provided to you.

**AUTHORITY:** <u>Derman v. United States</u>, 298 F.3d 34, 39 (1st Cir. 2002); <u>Edwards v. United States</u>, 523 U.S. 511, 514 (1998); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>United States v. Collazo-Aponte</u>, 216 F.3d 163, 200 (1st Cir. 2000).

**PROPOSED INSTRUCTION**

**DRUG WEIGHT ATTRIBUTABLE TO THE DEFENDANT**

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy alleged in the indictment involved at least 500 grams of cocaine and/or 100 grams of heroin, you must then consider whether at least that amount is also attributable to Eddy Lopez.

Your determination of how much of the cocaine and/or heroin is attributable to the defendant in this case will be based on what you conclude was "reasonably forseeable" to him.[1]  This will require you to calculate the amount of heroin that you conclude the defendant himself sold or intended to sell as a member of the conspiracy <u>and</u> any additional amounts that other members of the conspiracy sold or intended to sell that the defendant could have reasonably anticipated based on his involvement in the conspiracy and his understanding of its activities.[2]

---

[1] See United States v. Santos, 357 F.3d 136, 140 (1st Cir.2004) (citations omitted) ("each coconspirator is responsible not only for the drugs he actually handled but also for the full amount of drugs that he could reasonably have anticipated would be within the ambit of the conspiracy"); United States v. Manjarrez, 306 F.3d 1175, 1181 (1st Cir. 2002) ("A conspiracy charge is a single offense, and a `narcotics conspirator is responsible not only for the full quantity of drugs that he actually handled or saw but also for the full quantity of drugs that he reasonably could have foreseen to be embraced by the conspiracy he joined.'") (quoting United States v. Rodriguez, 162 F.3d 135, 149 (1st Cir.1998)).

[2] United States v. Carey 2003 WL 329041, *6 (1st Cir. 2003) (defendant is responsible for all drugs he personally handled or he anticipated handling, and for drugs involved in additional acts that were reasonably foreseeable by the defendant and were

Based on these principles, you should determine, first, whether at least 500 grams of cocaine are attributable to the defendant and, second, whether at least 100 grams of cocaine are attributable to the defendant, and indicate this on the verdict form that I have provided to you.  If you determine that less than 500 grams of cocaine and/or less than 100 grams of heroin are attributable to the defendant, then you should indicate the amount of cocaine and/or heroin you find attributable to the defendant on the verdict form I have provided you.

---

committed in furtherance of the conspiracy).

<u>CERTIFICATE OF SERVICE</u>

    I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served by hand on Ray Gillespie, counsel for the defendant, on September 28, 2004.


                                     <u>/S/ PETER K. LEVITT</u>
                                     PETER K. LEVITT
                                     ASSISTANT UNITED STATES ATTORNEY