UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 28 ⊃ 2: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA    )
                            )
                            )
V.                          )
                            )       CRIMINAL No. 04-10033-PBS
EDDY LOPEZ,                 )
                            )
              Defendant     )


## DEFENDANT'S SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS

The defendant, Eddy Lopez, respectfully requests the Court include the instructions

attached hereto in its instructions to the jury at the close of the evidence herein.

**Determination of Drug Quantities in a Conspiracy**

1.      In a conspiracy to possess with the intent to distribute illegal drugs, an individual

defendant is responsible for that quantity of drugs attributable to, or foreseeable by, the defendant.

> United States v. Colon-Solis, 354 F. 3d 101, 103
> (1st Cir. 2004)

2.      The determination of the quantity of drugs the defendant is responsible for, however, must

be an individual one and does not necessarily include all of the drug quantities involved in the

general conspiracy.

> Id.

3.      "...the drug quantity attributable to the conspiracy as a whole cannot automatically be

shifted to the defendant."

> Id. Citing United States v. Valencia-Lucena, 988 F.
> 2d 228, 234-35 (1st Cir. 1993) and United States v.
> Thompson, 944 F. 2d 1331, 1343-44 (7th Cir.
> 1991).

4.      The defendant is responsible for the quantities of drugs he possessed or those amounts

which were reasonably foreseeable by him within the scope of the conspiracy which he joined.

> United States v. Manjarrez, 306 F. 3d 1175, 1181
> (1st Cir. 2002).

5.      It is for you, the jury, to determine the scope of the conspiracy which the defendant joined,

which he agreed to.

6.      All your findings, each and every one of them, regarding the scope of the conspiracy

which the defendant may have agreed to join and the resulting drugs quantities within that

particular conspiracy that may be attributable to or foreseeable by him, must be determined by you beyond a reasonable doubt.

## Duty of the Jury to Find Facts and Follow Law

7.      It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.


In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.


## Caution as to Cooperating Witness/Accomplice/Paid Informant

8.      You have heard the testimony of George Diaz.  He received money or favorable treatment from the government in exchange for providing information.

Some people in this position are entirely truthful when testifying.  Still, you should consider the testimony of these individuals with particular caution.  They may have had reason to make up stories or exaggerate what others did because they wanted to help

3

themselves.

## **Comment**

"...it is prudent for the court to give a cautionary instruction [for accomplice testimony], even when one is not requested, ..." United States v. Wright, 573 F.2d 681, 685 (1st Cir.), cert. denied, 436 U.S. 949 (1978); see also United States v. House, 471 F.2d 886, 888 (1st Cir. 1973) (same for paid-informant testimony). see United States v. Cresta, 825 F.2d 538, 546 (1st Cir. 1987) (regarding paid informants, "the jury must be specifically instructed to weigh the witness' testimony with care"), cert. denied, 486 U.S. 1042 (1988).

## **Statements by Defendant**

9.      You have heard evidence that Mr. Lopez made a statement in which the government claims he admitted he possessed 240 grams of heroin as the result of a recent home invasion.

It is for you to decide (1) whether Mr. Lopez made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

## **Comment**

4

The First Circuit has held that, "'[o]nce the judge makes the preliminary finding of voluntariness, the jury does not make another independent finding on that issue. Under this procedure, the jury only hears evidence on the circumstances surrounding the confession to aid it in determining the *weight or credibility* of the confession.'" United States v. Campusano, 947 F.2d 1, 6 (1st Cir. 1991) (emphasis in original) (quoting United States v. Nash, 910 F.2d 749, 756 (11th Cir. 1990) (quoting United States v. Robinson, 439 F.2d 553, 575 (D.C. Cir. 1970) (McGowan, J., dissenting))).

In addition to determining whether a defendant's statement was voluntarily made, the court must "make[] a preliminary determination as to whether testimony about the confession is sufficiently trustworthy for the jury to consider the confession as evidence of guilt." United States v. Singleterry, 29 F.3d 733, 737 (1st Cir.) (citations omitted), cert. denied, 513 U.S. 1048 (1994). "The general rule is that a jury cannot rely on an extrajudicial, post-offense confession, even when voluntary, in the absence of 'substantial independent evidence which would tend to establish the trustworthiness of [the] statement.'" Id. (alteration in original) (quoting Opper v. United States, 348 U.S. 84, 93 (1954)). If evidence of the statement is admitted, "the court has the discretion to determine that the question of trustworthiness is such a close one that it would be appropriate to instruct the jury to conduct its own corroboration analysis." Singleterry, 29 F.3d at 739. That is the purpose of the bracketed language in the instruction. "[A] judge has wide latitude to select appropriate, legally correct instructions to ensure that the jury weighs the evidence without thoughtlessly crediting an out-of-court confession."

5

Id.

Respectfully submitted,
EDDY LOPEZ,
By his attorney,

Raymond E. Gillespie BBO# 192300
875 Massachusetts Avenue, Suite 32
Cambridge MA  02139
(617) 661-3222

juryinst.sup

I certify that I served this doc-
ument by mailing / hand delivery
of a copy of same to all counsel
of record (or pro se parties) on 9/28/c7

6