UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Cr. No. 04-10033 PBS |
| v.  ) | |
| ) | |
| EDDY LOPEZ, A/K/A "SWIFT" ) | |
| Defendant. ) | |

**OPPOSITION OF THE UNITED STATES TO**
**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

The defendant seeks a downward departure, pursuant to U.S.S.G. § 4A1.3, on the grounds that his criminal history category (CHC) of VI (applicable because the defendant is a career offender) significantly over-represents the seriousness of his criminal history. For the reasons below, no departure is warranted or perhaps even available in this case. It should also ne noted, at the outset that, pursuant to U.S.S.G. § 4A1.3(b)(3), "[t]he extent of a downward departure under this subsection for a career offender within the meaning of § 4B1.1 (Career Offender) may not exceed one criminal history category."[1]

The cases establish that the circumstances justifying a career offender departure must be extraordinary. <u>See, e.g.</u>, <u>United States v. Gendraw</u>, 337 F.3d 70, 72 (1st Cir.2003) ("[t]o be entitled to such a departure, however, the defendant must

---

[1] Lopez's guideline sentencing range ("GSR") prior to the mandatory five year, on and after, sentence imposed by 18 U.S.C. § 924(c), is 360 to life. Decreased by one level, his GSR is 324 to 405 months. After addition of the § 924(c) penalty, Lopez's GSR would be 384 to 465 months.

demonstrate that his case is so exceptional that it is set apart from typical cases"); United States v. Perez, 160 F.3d 87, 90 (1st Cir.1998) (en banc) (per curiam) ("Under Koon, if an encouraged factor (e.g., criminal history under § 4A1.3) is already taken into account by a Guideline (as is criminal history in the career offender guideline), "the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'").  See also United States v. Caldwell, 219 F.3d 1186, 1192 (10th Cir.2000) (in reversing 4A1.3 departure granted to career offender based on his youth at the time of the predicate offenses, small quantity of drugs involved, prior lenient sentences, and the sentences given to co-defendants, court noted that, because case was "not so unusual or atypical," defendant did not fall outside the "heartland" of career offenders); United States v. Pearce, 191 F.3d 488, 497 (4th Cir.1999) (recognizing that § 4A1.3 departures for career offenders "are reserved for the truly unusual case"); United States v. Tejeda, 146 F.3d 84 (2nd Cir.1998) (in reversing 4A1.3 departure granted to career offender based on prior lenient sentences, small amount of drugs involved, stable family circumstance, alienage, and sentence received by co-defendant, court concluded that three factors were improper and remaining

two were insufficient to take case out of the "heartland");[2]

United States v. Spencer, 25 F.3d 1105, 1113 (D.C. Cir. 1994)(4A1.3 departure appropriate only if "the court had determined that Spencer's criminal history was so minor that it rendered his an 'unusual' career offender case").

Application Note 3 to U.S.S.G. § 4A1.3 provides the following example of a situation where a departure might be warranted.

> A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.

U.S.S.G. § 4A1.3, Applic. Note 3.

As described in the Supplemental Sentencing Memorandum of the United States, dated January 25, 2004 ("Govt's Supp. Sent. Mem."), and incorporated by reference herein, the defendant is precisely the type of career offender contemplated by Congress and the Sentencing Commission. Govt's Supp. Sent. Mem. at 12-18.

Lopez has amassed 9 criminal history points and would be in CHC IV absent application of the career offender provision. PSR

---

[2] The Tejeda court specifically noted that the prior lenient sentences the defendant received on his predicate convictions were grounds for an *upward departure* and hence could not have been relied upon by the sentencing court in departing *downward* under section 4A1.3. See 146 F.3d at 87 ("a defendant who has had the benefit of prior lenient treatment is not entitled to continued lenient treatment").

3

¶ 95.  Contrary to the example in § 4A1.3, Lopez's criminal history demonstrates a long and consistent pattern of drug dealing and other criminal activity, culminating in his arrest on the current charges.  This is no aberration; no extraordinary case.

The Supplemental Sentencing Memorandum of the United States at pp. 12-18, describes in detail Lopez's criminal history.  It is notable that his criminal history started when Lopez was a minor (age 15) and has continued unabated with entries in virtually every year (and sometimes multiple entries in a single year) until his arrest on the current charges.  His prior convictions include possession with intent to sell crack cocaine and a particularly violent episode involving resisting arrest, and another resisting arrest.  See PSR ¶¶ 84, 91 & ¶89.  See United States v. Laury, 985 F.2d 1293 (5th Cir. 1993)(repeated convictions displayed tendency towards recidivism that warranted *upward departure* under U.S.S.G. 4A1.3); United States v. Brewster, 127 F.3d 22, 25-28 (1st Cir. 1997)(same).

In addition, the conduct underlying Lopez's current charges took place while Lopez was on pretrial release in two separate cases for (i) assault & battery, threatening to commit murder, and two counts of assault with a dangerous weapon, PSR ¶ 98, and (ii) assault & battery, PSR ¶ 99.  See United States v. Hernandez, 896 F.2d 642, 645 (1st Cir. 1990)("a defendant

undermines the integrity of the criminal justice system when he commits a crime while . . . under its supervision and control"). The police reports concerning the former of these incidents describe an out-of-control, dangerous individual who is nothing short of a menace to society. PSR ¶ 98. See also Govt's Supp. Sent. Mem. at 15-17.

The defendant also has other violent episodes on his record, including a domestic abuse situation, that he admitted occurred, in which he broke down his girlfriend's door and told her that he was not going to give up until he saw her "6 feet deep". PSR ¶ 118. Lopez also has charges pending in Lawrence District Court for assault & battery, PSR ¶ 99, and other arrests for assault & battery, breaking and entering, threatening to commit murder, assault with a dangerous weapon (gun), discharging a firearm within 500 feet of a school, and possession of a firearm without a license. PSR ¶¶ 100-103.

Lopez's criminal history is consistent with his status as a member and then a leader of a violent street gang -- the Dome Dwellers (formerly known as the Essex Street Posse) -- involved in trafficking drugs and guns in the area of the Essex Street Projects in Lawrence. [The government anticipates introducing evidence at sentencing concerning this issue.] Lopez's criminal history is also consistent with what was learned about him during the trial. Namely, that he enthusiastically traffics in heroin,

5

cocaine, and firearms, that he keeps a firearm in his house or on his person to protect himself in his drug trafficking business, and that he shoots guns off on public highways to "test" them.

For the foregoing reasons, and those described in the government's sentencing memoranda, and the evidence adduced at trial, the defendant's motion should be denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney,

                    By:  /S/ PETER K. LEVITT
                         PETER K. LEVITT
                         Assistant U.S. Attorney
                         One Courthouse Way
                         Boston, MA 02210
                         (617)748-3355

January 26, 2005

**CERTIFICATE OF SERVICE**

    I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served on Ray Gillespie, counsel for Eddy Lopez, by facsimile on January 26, 2005.

                                            /S/ PETER K. LEVITT
                                            Peter K. Levitt