UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V.    )<br>   )    CRIMINAL NO. 04-10033-PBS<br>EDDY LOPEZ,    )<br>   )<br>   Defendant    ) | |

# DEFENDANT'S SENTENCING MEMORANDUM

The defendant respectfully submits this Sentencing Memorandum as an aid to the Court in determining an appropriate sentence in this matter.

United States v. Booker, 2005 WL 50108 (January 12, 2005) has made the United States Sentencing Guidelines no longer mandatory to follow but advisory only as to federal judges exercising their elementary function to determine a fair and just sentence. That decision is primarily now determined by reference to the stated purposes contained in sec. 3553(a)(2) of the Sentencing Reform Act and the sound discretion of the sentencing judge.

The defendant urges this Court to sentence him to no more that fifteen (15) years in prison for the crimes he now stands convicted of.

As reason therefore, defendant states the following:

## I. The Purposes of §3553(a)(2) Will be Adequately Fulfilled by a 15 Year Sentence.

18 U.S.C §3553((a)(2) states the purposes of sentencing in the federal criminal justice

1

system. These are: the need for the sentence imposed,

1) to reflect the seriousness of the offense,

2) to promote respect for the law,

3) to provide just punishment for the offense

4) to afford adequate deterrence to criminal conduct,

5) to protect the public from possible further crimes of the defendant, and

6) to provide the defendant with needed education or training, medical care, or other correctional treatment in an effective manner.

18 U.S.C. §3553(a)(2).

**Seriousness of the Offense**

Fifteen years is a long time in any person's life. 15 years is a long sentence for probably most crimes short of murder. Defendant does not minimize the seriousness of, offenses he has been convicted of. The Court is familiar with the factual background of those offenses. The resulting portrait of the defendant is not a pretty one. Guns and drugs, drugs and guns. The audio taped conversations contain such a steady stream of obscenity-laced commentary as to make a sailor blush. The casual references to violence and the seeming fascination with firearms would not make anyone roll out a welcome wagon to him as a newcomer to the neighborhood. But the fact remains that the case at bar involved relatively speaking, drug dealing by the defendant on a scale which can not be characterized a major. It is more consistent with almost street level transactions: evidence of perhaps repeated sales but none of really large quantities. There was no evidence to suggest that the defendant was a major player on the drug scene in Lawrence and no evidence that he occupied an authoritative role in

any organized enterprise. The characterization of him as a leader of the Dome Dwellers is not correct and any evidence of such a role has not been reliable. 15 years for these crimes sufficiently reflects their seriousness. To give him 35 years, the government's recommendation, would be extreme and draconian. He would not be released until a few years shy of the typical retirement age.

### Promotion of Respect for the Law

A 15 year sentence promotes respect for the law. Again, these are serious offenses and a light sentence would not be appropriate; but the defendant would be almost 43 years old even after completing a 15 year sentence, that fact alone, especially given that it is the best he can hope for, engenders respect for the law on his part. How can he not take this situation seriously when faced with the sentencing possibilities he is now confronted with? It is impossible for him to scorn or not take seriously the awesome consequences of justice served under these circumstances. Likewise, anyone in the community, and especially in the community where he plied his foolish and truly destructive trade, can not help but be aware of the drastic penalties he faces and henceforth be less sanguine about imitating the dead end behavior of Eddy Lopez. A 15 year sentence promotes respect and a well-founded fear of the law.

### Just Punishment

It is a just punishment because illegal drugs and guns and drug-related violence are a scourge on our society. Eddy Lopez has been a part of that plague. But his part in this sordid story is justly punished by a 15 year sentence. Justice does not require anything more.

### Adequate Deterrence

For the same reasons expressed in Promotion of Respect for the Law, above, a 15 year

sentence represents an adequate deterrence to this kind of criminal behavior.

### Protection of the Public from the Defendant

The defendant will have 15 years behind bars to think and reflect on how he foolishly threw away a major portion of his own life, and forfeited the chance to be close to his 8 year old daughter, Delaynee, during the rest of her growing-up years. The public will be protected from him during those years. One can only hope and trust that such a long incarceration will leave the defendant much too smart to be stupid enough to engage in criminal activity again upon his release. By age 43 it is likely that he will have learned his lesson.

### Education, Training, Medical Care, Treatment

Defendant stated in the Presentence Report interview that he has been a long standing drug abuser, primarily cocaine and marijuana. PSR par. 130-134. It has been a factor in all of his past criminal behavior. It was obvious from some of the evidence at trial that he would at times go on cocaine binges lasting several days at a time. His drug abuse was also apparently a key cause of his abusive treatment of his girlfriend and mother of his young daughter, Jesenia Duran. It is anticipated that Ms. Duran will submit a statement to such effect prior to the sentencing in this case. At any rate, while not in any way excusing defendant's criminality in this case or in the past, it is a significant mitigating factor for this Court to consider. A 15 year sentence will surely accommodate his need for rehabilitative treatment for past drug abuse as well as any sentence of much greater length.

In addition to the above-mentioned factors, the sentencing court is advised to consider the sentencing guidelines and sentences imposed on similar defendants for similar offenses. This Court knows far better than the defendant or his undersigned counsel whether a 15 year sentence

4

under these circumstances would be unreasonably disparate. The defendant in a related case, Victor Delgado, apparently received a sentence of 14 years although he engaged in many more drug sales than the defendant. Factoring in that aspect and acknowledging that the defendant would be a career offender under a mandatory guidelines application, perhaps a sentence of 15 years would be roughly consistent with Delgado's result.

## II. Career Offender Guideline

Regarding the career offender guideline, it should be obvious that the predicates being used in this case are at the low end of the scale of crimes of violence. They are both for resisting arrest. Neither involved serious injury to anyone or the use of any weapon. Certainly, defendant acted in a crazy and out-of-control manner while committing the offenses, but that is at least as consistent with his drug induced lack of control and aggressiveness as with a penchant for violence per se. This is mentioned, again, not to excuse or justify such conduct but in mitigation and to put the application of the career offender guideline into perspective in this matter.

For the reasons stated above, the defendant respectfully requests this Honorable Court impose a sentence no longer that 15 years in this case.

Respectfully submitted,

Eddy Lopez,
By his attorney,

                                                              /s/ Raymond E. Gillespie

                                                              Raymond E. Gillespie
                                                              BBO #192300
                                                              875 Massachusetts Avenue
                                                              Suite 32
                                                              Cambridge, MA 02139
                                                              (617) 661-3222

entmemo3

I certify that I served this document by mailing/hand delivery of a copy of same to counsel of record for pro se parties on 1/25/05