UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) |
| EDDY LOPEZ, | ) CRIMINAL NO. 04-10033-PBS |
| | ) |
| Defendant | ) |

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE UNDER GUIDELINE §4A.1.3

The defendant respectfully moves this Honorable Court to downward depart from the sentencing range called for by the United States Sentencing Guidelines pursuant to §4A1.3 thereof.

As reason therefor, defendant states that the Career Offender guideline, §§ 4B1.1 and 4B1.2, U.S.S.G., in which he has been placed by both the probation office in its Presentence Report recommendation and the government, overstates his criminal history or the likelihood that he will recidivate.

More specifically, defendant states that the law of the First Circuit permits such downward departures to career offenders where appropriate. United States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996). To warrant such departure a defendant must demonstrate that his case is different from the typical case. United States v. Perez, 160 F.3d 87, 90 (1st Cir. 1998) (en banc) (per curiam).

Defendant submits that his case is atypical. The predicates for his career offender status are two convictions for resisting arrest and one for possession with intent to distribute cocaine base in a relatively small amount. Although, he has several other convictions, none are predicates

for career offender status. Although the "smallness" of a drug conviction, referring to both quantity and role in the offense, has been strongly criticized in Perez, supra, 160 F.3d at 89-90, as a possible basis for a downward departure under §4A1.3, such departures are still allowed under the continuing viability of Lindia, supra, as binding circuit precedent. See United States v. Mayes, 332 F.3d 34 (1st Cir. 2003) (n. 2). Although, a record of non-predicate convictions can preclude a finding of atypicality in the context of the possible application of career offender status, see United States v. Gendraw, 337 F.3d 70, 71 (1st Cir. 2003), the defendant submits that the balance of his prior record is less severe than that demonstrated in Gendraw, and, indeed, for career offenders in general. The primary predicates here are two convictions for resisting arrest involving flight from arrest and physical struggles with police officers, neither of which involved weapons, but in both of which it appears the defendant was acting under the strong influence of drug intoxication, consistent with his admitted addiction.

For the reasons stated above, the defendant respectfully requests that this Court depart downward the maximum permissible number of levels possible in establishing his final criminal history category.

By his attorney,

/s/ Raymond E. Gillespie

Raymond E. Gillespie
BBO #192300
875 Massachusetts Avenue
Cambridge, MA 02139
(617) 661-3222

Certificate of Service

I, Raymond E. Gillespie, attorney for Eddy Lopez, hereby certify that I served the

foregoing on the government by sending a copy of same by facsimile transmission to Peter Levitt, Esquire, Assistant U.S. Attorney, United States Courthouse, 9th floor, One Courthouse Way, Boston, MA 02110 on January 25, 2005:

_____
Raymond E. Gillespie

downdep