```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,    )
                             )     Cr. No. 04-10033 PBS
        v.                   )
                             )
EDDY LOPEZ, a/k/a "SWIFT",   )
    Defendant.               )

## RESPONSE OF THE UNITED STATES
## TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The defendant argues that the ten year mandatory minimum penalty provided for in 21 U.S.C. § 841(b)(1)(B)(ii) should not apply in this case because "the only fact relevant to the issue found beyond a reasonable doubt by the jury was that the conspiracy in Count One involved 500 or more grams of cocaine." Deft's Supp. Sent. Mem. at 1. As described below, this is factually inaccurate. In fact, the jury was instructed by this Court, and specifically found, that it was reasonably foreseeable to the defendant that the conspiracy he joined involved 500 grams or more of cocaine. This is precisely what the law requires to impose the mandatory minimum.

This same issue was raised by the defendant in Defendant's Supplemental Request for Jury Instructions filed on September 28, 2004. Dkt. 58. The Court denied the defendant's request for a curative instruction but stated that the Court "will give curative final instructions of law." Dkt. 58. This is precisely

what the Court did.[1]

The Court's Proposed Jury Instructions (Second Draft of September 29, 2004), laid out the Court's instruction on drug weight. Instruction No. 21 -- Drug Weight Attributable to Defendant -- provided, in pertinent part, as follows:

> In a conspiracy to possess with intent to distribute illegal drugs, an individual defendant is responsible for that quantity of drugs attributable to, or foreseeable by, the defendant. The determination of the quantity of drugs the defendant is responsible for, however, must be an individual one and does not necessarily include all of the drug quantities involved in the conspiracy as a whole. *The drug quantity attributable to the conspiracy as a whole cannot automatically be shifted to the defendant.*
>
> The defendant is responsible for the full quantity of drugs that he actually handled or saw and for the full quantity of drugs that he reasonable could have foreseen to be within the scope of the conspiracy he joined. It is for you, the jury, to determine the quantity of cocaine the defendant reasonably could have foreseen to be within the scope of the conspiracy he joined.
>
> *Your determination of how much cocaine is attributable to the defendant will be based on what you conclude was reasonably foreseeable to him*. This will require you to calculate the amount of cocaine that you conclude the defendant himself sold or possessed with intent to sell as a member of the conspiracy and any additional amounts that other members of the conspiracy sold or possessed with intent to sell that the defendant could have reasonably anticipated based on his involvement in the conspiracy and his understanding of its activities. The defendant is responsible for all drugs he personally handled or he anticipated

---

[1] In his sentencing memorandum, the defendant is claiming that the Court did not give an instruction that, in fact, the Court gave -- and gave at least in some measure based on the defendant's request.

> handling, and for drugs involved in additional acts that were reasonably foreseeable by the defendant and were committed in furtherance of the conspiracy.
>
> Based on these principles, you should determine whether at least 500 grams of cocaine are attributable to the defendant.

Instruction No. 21.[2]

Consistent with this instruction, the Court's Special Verdict Form asked the jury the following question on this subject: "Has the government proven beyond a reasonable doubt *that Defendant reasonably could have foreseen* that the conspiracy he joined involved at least 500 grams of cocaine?"  Dkt. 64 (emphasis added).

It is therefore clear that the jury did not simply find, as alleged by the defendant in his sentencing memorandum, that the conspiracy involved at least 500 grams of cocaine.  To the contrary, consistent with the Court's detailed jury instructions, the jury specifically found that *the defendant "could have reasonably foreseen"* that the conspiracy he joined involved at least 500 grams of cocaine.  This is exactly what was required to implicate both the statutory mandatory minimum (5 years) and maximum (40 years) sentences; the mandatory minimum is then doubled to 10 because of the defendant's prior drug trafficking conviction and the maximum goes to life.

---

[2] These instructions largely incorporate the defendant's requested instructions.

3

The defendant cites <u>United States v. Colon-Solis</u>, 354 F.3d 101 (1st Cir.2004). This is the same case that the Court cited in its jury instructions on this point (quoted above). <u>See</u> Instruction No. 21. <u>Colon-Solis</u> does not support the defendant's argument. To the contrary, it demonstrates that the Court's instruction was perfectly proper and that the jury's finding of reasonable foreseeability implicated the statutory mandatory minimum sentence.

In <u>Colon-Soris</u>, the defendant pled guilty to a conspiracy count charging distribution of more than five kilograms of cocaine. <u>Colon-Soris</u>, 354 f.3d at 102. The sentencing court made "no specific finding as to any drug quantity attributable to, or foreseeable by," the defendant. <u>Id.</u> at 103 ("The sentencing court appears to have applied a per se rule, automatically attributing to the appellant the full amount of the drugs charged in the indictment and attributed to the conspiracy as a whole. This was error.").

The court explained that, with respect to statutory mandatory minimum sentences, the sentencing court (or, in this case, the jury) must make "an individualized fining that the triggering amount was attributable to, or foreseeable by," the defendant." <u>Id.</u> at 103 ("the court is required to make an individualized finding as to drug amounts attributable to, or foreseeable by, that defendant").

4

This is precisely what happened in this case. The Court's jury instructions (and the special verdict form) could not be clearer. For example, the Court specifically instructed: "Your determination of how much cocaine is attributable to the defendant will be based on what you conclude was reasonably foreseeable to him." Instruction No. 21. Similarly, the Court instructed: "The defendant is responsible for all drugs he personally handled or he anticipated handling, and for drugs involved in additional acts that were reasonably foreseeable by the defendant and were committed in furtherance of the conspiracy." Id. Finally, the Court instructed: "This will require you to calculate the amount of cocaine that you conclude the defendant himself sold or possessed with intent to sell as a member of the conspiracy and any additional amounts that other members of the conspiracy sold or possessed with intent to sell that the defendant could have reasonably anticipated based on his involvement in the conspiracy and his understanding of its activities."

In short, the Court's instruction on drug quantity attributable to the defendant is beyond reproach. Based on these instructions, and the Special Verdict Form, it is crystal clear that the jury found that more than 500 grams of cocaine was "attributable to, or reasonably foreseeable by," Eddy Lopez. Cf. Colon-Soris, 354 F.3d at 103.

5

For the foregoing reasons, the statutory mandatory minimum sentence of 10 years (actually 15 because of the 5 years on and after on the gun charge) and the maximum of life apply in this case.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney,

                       By:  /s/ PETER K. LEVITT
                           PETER K. LEVITT
                           Assistant U.S. Attorney
                           One Courthouse Way
                           Boston, MA 02210
                           (617)748-3355

Dated: February 10, 2005