RECEIVED
Clerk's Office
USDC, Mass.
Date 2/4/05
By M.P.
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | |
| ) | CRIMINAL NO. 04-10033-PBS |
| EDDY LOPEZ, ) | |
| ) | |
| Defendant ) | |

### DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The defendant respectfully submits this Supplemental Sentencing Memorandum as an aid to the Court in determining whether the mandatory minimum penalty of ten (10) years provided for in 21 U.S.C. §841(b)(1)(B)(ii) should apply to him because he stands convicted of a drug conspiracy involving 500 grams or more of cocaine and has a prior drug felony conviction.

The defendant submits that the mandatory minimum sentence cited above does not apply because the only fact relevant to the issue found beyond a reasonable doubt by the jury was that the conspiracy in Count One involved 500 or more grams of cocaine. It did not find that the defendant was individually responsible for such an amount. The defendant is entitled to individualized sentencing and a finding that the conspiracy involved 500 grams or more is not a finding that he should be responsible for that amount which triggers the mandatory minimum sentence of 841(b)(1)(B)(ii). See United States v. Colon-Solis, 354 F.3d 101, 103 (1st Cir. 2004). Based on the jury's finding in this case, the mandatory minimum sentence is only <u>potentially</u> available for sentencing purposes. Id. The fact finding which an application of the sentencing

guidelines calls for on this issue is now, of course, not mandatory, but advisory upon this court. United States v. Booker, 2005 WL 50108 (January 12, 2005). Defendant suggests that there is not enough evidence or, indeed, reliable information, to allow the Court to find that 500 or more grams of cocaine should be attributable to this him individually. Such a conclusion would be unreasonable either under a guidelines' analysis or within any sentencing regime outside of the guidelines. The mere fact of foreseeability does not equal individual responsibility nor does it permit the amount attributed to the conspiracy to be found to be within the scope of any joint activity the defendant agreed to. See United States v. Irvin, 2 F.3d 72 (4th Cir. 1993) and United States v. Banks, 10 F.3d 1044 (4th Cir. 1993).

For the reasons stated above, the defendant respectfully urges this Honorable Court to hold that the mandatory minimum sentence prescribed by 21 U.S.C. §841(b)(1)(B)(ii) does not apply to him in the instant case.

Respectfully submitted,

Eddy Lopez,
By his attorney,

Raymond E. Gillespie
BBO #192300
875 Massachusetts Avenue
Suite 32
Cambridge, MA 02139
(617) 661-3222

I certify that I served this document by mailing / hand delivery of a copy of same to all counsel of record (or pro se parties) on 2/4/05

entmemo3