UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Cr. No. 04-10033 PBS |
| v. ) | |
| ) | |
| **EDDY LOPEZ, A/K/A "SWIFT"** ) | |
|   **Defendant.** ) | |

### MOTION TO CONTINUE SENTENCING HEARING

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Peter K. Levitt, Assistant United States Attorney, hereby moves to continue the sentencing hearing, currently scheduled for May 1, 2007, by approximately two weeks until a date convenient for the Court the week of May 14, 2007.

As grounds for this motion, the government states as follows. The defendant was previously sentenced by this Court to a term of imprisonment of 35 years. He subsequently vacated one of his prior convictions, which was a career offender predicate. The Probation Office has determined that the defendant remains subject to the mandatory minimum 15 year sentence and that his guideline range is below the 15 year mandatory minimum sentence (i.e., effectively making his guideline range 15 years).

The government received the revised PSR on April 23, 2007. This case raises important legal issues as well as significant issues of public importance. The defendant was the leader of a violent Lawrence street gang called the Domedwellers. During the course of the investigation in this case, the defendant sold a

government cooperating witness a handgun, as well as cocaine and heroin, was arrested with another handgun in his home, and bragged on tape about selling other guns and shooting guns off on the highway. In addition, the defendant was recently indicted in Essex Superior Court for the murder of a rival gang member, Jay Martinez, who was shot 18 times in broad daylight while he sat in his car outside a Lawrence pizza shop.

The government intends to move for an upward departure based on, in particular, the following factors under 28 U.S.C. § 3553: (i) the history and characteristics of the defendant; (ii) the need for the sentence to afford adequate deterrence to criminal conduct; and, most importantly, (iii) the need for the sentence to protect the public from further crimes of the defendant. In support of this motion, the government intends to rely on, among other things: (i) the facts of the vacated underlying conviction (see Memorandum on Sentencing in United States v. Marsh, Cr. No. 05-40025-FDS) (dated April 16, 2007) (a copy is attached hereto for the Court's convenience); (ii) the murder of Jay Martinez; (iii) the defendant's role as the leader of a violent street gang; (iv) the defendant's conduct in prison since his arrest; and (v) the facts of the underlying case.

In light of the complexity of the legal and factual issues presented by this case, and the press of other matters, the government requires the brief, two week extension to enable it to

adequately and comprehensively brief the issues and assist the Court in making a fully informed decision regarding the important matters presented in this case. There is no dispute that the defendant, who is in custody, faces a term of imprisonment of *at least* 15 years. There is therefore no prejudice to the defendant posed by the brief continuance. For the foregoing reasons, the two week continuance is in the interests of justice.

    For the foregoing reasons, the government requests that the Court continue the sentencing of this matter for two weeks.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney,

              By:  /S/ PETER K. LEVITT
                    PETER K. LEVITT
                    Assistant U.S. Attorney
                    One Courthouse Way
                    Boston, MA 02210
                    (617)748-3355

April 25, 2007