UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )      Cr. No. 04-10033 PBS
      v.                       )
                               )
EDDY LOPEZ, A/K/A "SWIFT"      )
   Defendant.                  )

GOVERNMENT'S SUPPLEMENTAL RE-SENTENCING MEMORANDUM

The government submits this supplemental memorandum in support of its motion to depart, pursuant to U.S.S.G. §§ 4A1.3 and 5K2.0(a)(1)(A), because the guideline sentencing range listed in the PSR does not adequately reflect the seriousness of the defendant's past criminal conduct and the likelihood that he will commit other crimes.  In addition, or in the alternative, the government requests that the Court deviate, pursuant to 18 U.S.C. § 3553, because the guideline sentencing range does not adequately take into consideration the "history and characteristics of the defendant" and does not adequately "protect the public from further crimes of the defendant."

For the reasons presented herein, in the Government's Re-Sentencing Memorandum dated May 16, 2007, and in light of the evidence adduced at the June 8, 2007 hearing regarding the defendant's state court conviction, as well as the anticipated testimony at the June 19, 2007 sentencing hearing, the government requests that the Court sentence the defendant to a term of imprisonment of 30 years.

On May 16, 2007, the government requested that the Court sentenced the defendant, Eddy Lopez (the "defendant" or "Lopez"), to a term of imprisonment of 25 years, representing the mid point between the original sentence of 35 years and the 15-year mandatory minimum.  Since that time, there have been three significant developments pertinent to the sentencing.

First, on June 8, 2007, this Court held an evidentiary hearing on the question of whether the defendant committed fraud in vacating his 2003 state court conviction for resisting arrest. The evidence presented at the June 8, 2007, demonstrated that Lopez lied in his affidavit about his ability to understand English and the government seeks an upward departure/deviation on that basis.

Second, on June 7, 2007, the day before his hearing, Lopez and six other inmates attacked two Correctional Officers at the Essex County Correctional Facility sending both officers to the hospital with head wounds.  Additional officers were called in to assist and two additional officers were sent to the hospital with head wounds.  During the attack, the inmates used numerous items as weapons, including leg irons, steel waste chains, phones, plungers, chairs, the unit book cart, a computer, a fan, a barrel, and two plungers.  Two of the wounded officers, including one attacked by Lopez, required staples to their heads to close

2

the wounds.   All four officers missed significant amounts of work

since the attack.

At the June 19, 2007, sentencing hearing, the government

anticipates presenting the testimony of Deputy Sheriff John

Campbell of the Essex County Sheriff's Office concerning the June

7 attack and Lopez's role in the attack.   The attack was

videotaped and the government anticipates showing portions of the

videotape and still photographs from the videotape.   The

testimony, the reports from the Correctional Officers involved,

the videotape, and the photographs show that Lopez was a major

player during the attack.

The evidence shows that, during the June 7 attack, Lopez:

(1) threw a metal book cart at Officer Woodfin; (2) threw a chair

at Officer Brian Mason and Officer Woodfin; (3) came up from

behind and struck Sergeant Lane in the face with steel leg irons;

and (4) came up from behind and struck Officer Michael Smolski in

the head with the steel leg irons while Smolski was cuffing

Inmate Diaz (Officer Smolski required 4-5 staples in his head and

was to be out of work for 7-10 days).

Third, on June 8, 2007, the defendant was involved in

another incident at Essex County Correctional Facility after his

return from court.   The defendant returned to the prison from

court with glasses that he received from his sister while in

court.   Lopez was advised that he was not allowed to bring

anything to the prison that he received outside.  Lopez refused to take off the glasses.  A guard dog was called to assist the Correctional Officers in forcibly removing the glasses.  Before this was necessary, Lopez voluntarily gave up the glasses.

The incident would have ended there but, while the guards were transporting Lopez to his unit, Lopez rammed his head against a wall leaving a welt on his head.  Lopez was placed in a chair in restraints and a nurse was called to look at his head and a video recorder summoned to record the rest of the incident. While Lopez was being transported back to his unit in the restraint chair, he began loudly threatening various Officers including Deputy Sheriff Campbell.  The incident marked the second time in two days that the defendant's conduct required that he be placed in restraints.

The evidence in this case, in its entirety, shows that Lopez represents a grave danger to society.  It also shows that his criminal history score does not adequately reflect the seriousness of his past criminal conduct and the likelihood that he will commit other crimes.  Rehabilitation simply does not appear to be a viable option.  To protect the public from further crimes by this defendant, the Court should sentence him to a lengthy prison term commensurate with his "history and characteristics," as reflected by the crimes for which he is charged in this case, his involvement in the murder of Jay

4

Martinez, and his conduct while awaiting sentencing (i.e., his fraud on the state court and the attack and other incidents at the Essex County Correctional Facility).

**CONCLUSION**

For the reasons presented herein, in the Government's Re-Sentencing Memorandum dated May 16, 2007, and in light of the evidence adduced at the June 8, 2007 hearing regarding the defendant's state court conviction, as well as the anticipated testimony at the June 19, 2007 sentencing hearing, the government requests that the Court sentence the defendant to a term of imprisonment of 30 years.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

By:   /s PETER K. LEVITT
      PETER K. LEVITT
      Assistant U.S. Attorney
      One Courthouse Way
      Boston, MA 02210
      (617)748-3355

June 18, 2007

## CERTIFICATE OF SERVICE

I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served <u>BY FAX</u> on Ray Gillespie, counsel for Eddy Lopez, on June 18, 2007.

<u>s/ PETER K. LEVITT</u>
PETER K. LEVITT